UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>LEONARD L. WARNER and ARLENE L. WARNER<br><br>        Debtor, | Case No. 96-10373 |
| A. ELLIOT ARCHER AND CAROL A. ARCHER<br><br>        Plaintiffs,<br><br>vs.<br><br>ARLENE L. WARNER<br><br>        Defendant | Adversary No. 97-2003 |

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT

A. Elliot Archer and Carol A. Archer (collectively the "Archers") and Arlene L. Warner ("Ms. Warner"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, move the Court for the entry of an order approving a compromise and settlement of this adversary proceeding, as follows:

1.    On February 5, 1996, Leonard L. Warner and Arlene L. Warner (collectively the "Warners") filed a joint Chapter 13 bankruptcy petition. On October 29, 1996, the Warners filed a motion to convert the case to a Chapter 7 bankruptcy.

2.    On January 29, 1997, the Archers filed an adversary proceeding, Case No. 97-2003 (the "Adversary Proceeding") seeking a determination that the debt owed to them was nondischargeable.

3. For the following reasons, the parties believe that it is in the best interest of the estate of the debtor to enter into a compromise and settlement of all matters raised in this Adversary Proceeding:

    a. The Adversary Proceeding has already been to the United States Supreme Court and has been remanded to the Bankruptcy Court with issues still pending;

    b. The prospect of continued prolonged litigation and appeals.

    c. The uncertainty of outcome for all parties.

    d. The continuing expense of pursuing the Adversary Proceeding.

4. As a compromise of their respective positions, the Archers and Ms. Warner have reached a settlement in the Adversary Proceeding whereby Ms. Warner agrees to pay the sum of One Thousand Five Hundred and no/100 dollars ($1,500.00) to the Archers. The Archers and Ms. Warner agree to the dismissal with prejudice of the Adversary Proceeding and the release of all claims. The parties have reached a Settlement Agreement, a copy of which is attached hereto as Exhibit A. The parties' obligations and releases under the Settlement Agreement are expressly subject to approval of the settlement by the Bankruptcy Court.

WHEREFORE, the parties request that the Court approve the compromise and settlement of this Adversary Proceeding as set forth above.

This the 17th day of October 2003.

*Rayford K. Adams III*
Rayford K. Adams III
N.C. State Bar No. 8622
Attorney for Arlene L. Warner

OF COUNSEL:
HUNTER, HIGGINS, MILES, ELAM, & BENJAMIN, PLLC
101 West Friendly Avenue, Suite 500
P. O. Box 20570
Greensboro, N.C. 27420
Telephone: (336) 273-1600
Facsimile: (336) 274-4650

*Harry G. Gordon*
Harry G. Gordon
Attorney for the Archers

Gordon Law Offices
Independence Center, Suite 302
400 W. Market Street
Greensboro, NC 27401
Telephone: (336) 275-9910
Facsimile: (336) 275-8797

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into between A. Elliot Archer and Carol A. Archer (the "Archers") and Arlene L. Warner ("Ms. Warner") (collectively, the "Parties"), for the benefit of themselves, their predecessors, successors and assigns.

## I. RECITALS

1.1 On or about February 5, 1996 (the "Petition Date"), Ms. Warner and Leonard L. Warner (collectively the "Debtors") filed a joint voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U. S. C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Middle District of North Carolina, Greensboro Division (the "Bankruptcy Court"), Case No. 96-10373. On October 29, 1996, the Debtors converted the case to Chapter 7.

1.2 On January 29, 1997, the Archers filed an adversary proceeding in the Bankruptcy Court, Case No. 97-2003 (the "Adversary Proceeding"), against the Debtors to determine the dischargeability of monies owed pursuant to a promissory note (the "Note") created prepetition as a result of the settlement and release of a state court action by the Archers against the Debtors.

1.3 On or about June 19, 1997, a consent order was entered in the Bankruptcy Court excepting from discharge the debt owed by Leonard L. Warner to the Archers. Leonard L. Warner is not a party to this settlement. Ms. Warner continued to oppose a determination that the debt owed by Ms. Warner was nondischargeable.

1.4 On or about August 30, 1999, the Bankruptcy Court dismissed the Adversary Proceeding against Ms. Warner, after determining that the Archers had waived and released the right to bring a nondischargeability claim in Bankruptcy Court. The Archers appealed the

decision, ultimately to the United States Supreme Court. The Supreme Court left open questions that are presently before the Bankruptcy Court on remand from the courts above.

1.5     Solely to avoid the prospect and uncertainty of continued prolonged and costly litigation, the Parties desire to compromise and settle all claims between them.

1.6     This Agreement and the consideration transferred pursuant hereto is to compromise disputed claims and to buy peace, and no payment, release, or other consideration given constitutes an admission of liability by any of the parties, all such liability being expressly denied.

## II. CONSIDERATION

In consideration of the recitals, the mutual covenants, representations, warranties, releases, performances and other agreements contained or provided for herein, the payment of the funds described herein, and for such other and further consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, the Archers and Ms. Warner agree as follows:

2.1     Contemporaneously with the last to occur of the events listed in paragraph 3.4 as items (i), (iii), and (iv), Ms. Warner shall cause a check made payable to "Gordon Law Offices Trust Account," in the amount of $1,500.00 (the "Settlement Amount"), to be delivered to counsel for the Archers.

2.2     The Parties shall execute and file a stipulation dismissing with prejudice the Adversary Proceeding.

2.3     The Parties shall execute, file, and appear in support of a joint motion seeking the authority of the Bankruptcy Court to settle and compromise the Adversary Proceeding according to the terms of this Agreement.

## III. MUTUAL RELEASE

3.1 Subject to the provisions of paragraph 3.4, the Archers and their predecessors, successors and assigns, and any and all persons and/or entities who may purport to claim by or through them, do hereby completely release, remise, acquit, and forever discharge Ms. Warner, her predecessors, successors, assigns and attorneys, of and from any and all claims the Archers might now have or forever more might bring, of whatever kind and nature, including, but not limited to, those that were or could have been asserted in the Adversary Proceeding. This Agreement and the payment of the Settlement Amount specifically release any and all obligations Ms. Warner may have under the Note, under the settlement of the previous state court action, and under both.

3.2 Without diminishing the intended expansive and all-inclusive breadth of the release given herein, it is the specific intent of the Parties that the release given by the Archers to Ms. Warner shall include any and all claims and causes of action that the Archers might assert against Ms. Warner in this or any subsequent bankruptcy case, arising from any facts or circumstances asserted in the Adversary Proceeding or the preceding state course action, including, but not limited to, claims asserted pursuant to 11 U.S.C. §§ 523, 727, 1141, 1328 or any other provision of the Bankruptcy Code. The parties further specifically agree that, whatever rights either may have pursuant to the case of <u>Archer v. Warner</u>, ___ U.S. ___, 123 S. Ct. 1462 (2003), or pursuant to he reasoning of the Supreme Court opinion therein, those rights are hereby released and each party specifically covenants that it shall not hereafter raise such rights in support of any claim asserted against the other in the future.

3.3 Subject to the provisions of paragraph 3.4, Ms. Warner and her predecessors, successors and assigns, and any and all persons and/or entities who may purport to claim by or

through her, do hereby completely release, remise, acquit, and forever discharge the Archers and their predecessors, successors and assigns, and any and all persons and/or entities who may purport to claim by or through them of and from any and all claims Ms. Warner might now have or forever more might bring, of whatever kind and nature, including, but not limited to, those that were or could have been asserted in the Adversary Proceeding.

3.4 The Releases provided for in paragraphs 3.1, 3.2, and 3.3 shall become effective and binding on the Parties without the necessity of any further action on the part of the Parties, upon (i) the occurrence of the Parties' execution of this Agreement, (ii) receipt by counsel for the Archers of the check described in paragraph 2.1 above, (iii) the dismissal with prejudice of the Adversary Proceeding as contemplated in paragraph 2.2 above, and (iv) the entry of a final order of the Bankruptcy Court approving the compromise and settlement of the Adversary Proceeding contemplated in paragraph 2.3 above.

3.5 Each party covenants that, in the determination of any claim either may raise against the other in the future, upon the pleading therein of this release, the party bringing the claim shall consent to the dismissal thereof pursuant to this release and shall indemnify fully the other party for all costs, including reasonable attorney fees, incurred in the defense of such claim.

3.6 The Archers covenant and warrant that they have the sole and exclusive right to receive the consideration given in connection with this Agreement; that they have not sold, assigned, transferred, conveyed, pledged, subjected to lien or security interest, or otherwise disposed of any of the properties, claims, demands, obligations, actions, causes of action, rights, damages, expenses, or potential requests for compensation or payment of any nature whatsoever referred to in this Agreement; and that they are fully authorized and empowered to execute and enter into this Agreement upon the terms stated herein.

## IV. MISCELLANEOUS

4.1 Each party hereto shall bear all attorneys' fees, costs, and expenses arising from his or her own actions and the actions of his or her own counsel in connection with the subject matter of this Agreement, and the matters and documents referred to herein, including the matters released herein.

4.2 This Agreement shall be construed pursuant to the laws of the State of North Carolina that are effective this date.

4.3 The terms of this Agreement are contractual and not mere recitals. Should any part or provision herein be determined to be unenforceable, the remainder of this Agreement shall remain in full force and effect.

4.4 The Parties hereto agree and acknowledge that this Agreement and all actions taken pursuant to it are done and accepted as a full and complete compromise of disputed claims and issues; that neither this Agreement nor any actions undertaken in connection therewith by the parties, their attorneys, or representatives, shall be considered admissions by any of said parties; and that no past or present wrongdoing, fault, or failure on the part of any party or its or their representatives, agents, or employees, shall be implied or inferred from such matters or such actions.

4.5 In entering into this Agreement, each party hereto represents that the terms of this Agreement have been completely read by or explained to him or her and that those terms are fully understood and voluntarily accepted by him or her. This Agreement has been reviewed by counsel for the Parties, who have had sufficient representation by said counsel with respect to their rights and responsibilities under this Agreement.

4.6   As heretofore expressly provided herein, this Agreement shall be binding upon and inure to the benefit of the estates, executors, administrators, personal representatives, heirs, successors (by purchase, assignment, foreclosure, or whatever means), and assigns of the parties hereto.

4.7   All parties hereto agree to cooperate fully, and to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

4.8   This Agreement contains the entire agreement between the parties with regard to the matters set forth herein. **THERE ARE NO OTHER PROMISES, UNDERSTANDINGS, REPRESENTATIONS, WARRANTIES, COVENANTS, OR AGREEMENTS, ORAL OR OTHERWISE, IN RELATION THERETO BETWEEN THE PARTIES, EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT.**

4.9   The provisions of this Agreement may be changed, waived, modified, or varied only by written agreement signed by all of the parties hereto.

4.10   This document may be executed in multiple counterparts or with detachable signature pages, which shall be construed together and shall be effective as if all executed in one, unified document.

This the _____ day of October 2003.

[Signatures begin on following page]

Date: _____    _____
                                 **A. Elliot Archer**

STATE OF _____    §
COUNTY OF _____    §

    BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in the capacity stated and for the purposes and consideration expressed therein.

    Given under my hand and seal of office this _____ day of _____, 2003.

_____
Notary Public in and for the State of _____

My Commission expires: _____

Date: _____    _____
                                 **Carol A. Archer**

STATE OF _____    §
COUNTY OF _____    §

    BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in the capacity stated and for the purposes and consideration expressed therein.

    Given under my hand and seal of office this _____ day of _____, 2003.

_____
Notary Public in and for the State of _____

My Commission expires: _____

Date: _____        _____
                                     Arlene L. Warner, Debtor


STATE OF NORTH CAROLINA        §
COUNTY OF GUILFORD             §

    BEFORE ME, the undersigned authority, on this day personally appeared Arlene L. Warner, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in the capacity stated and for the purposes and consideration expressed therein.

    Given under my hand and seal of office this _____ day of _____, 2003.


_____
Notary Public in and for the State of North Carolina

My Commission expires: _____

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the undersigned counsel of record has this date served a copy of the foregoing Motion to Approve Compromise and Settlement in the manner prescribed by Bankruptcy Rule 7005 and Rule 5 of the Federal Rules of Civil Procedure by first-class mail, unless otherwise indicated, and addressed to the following:

Harry G. Gordon, Esquire
Gordon Law Offices
400 West Market Street
Suite 302
Greensboro, NC 27401

Michael D. West, Esquire (via hand delivery)
Bankruptcy Administrator
101 S. Edgeworth Street
Greensboro, NC 27401

This 20th day of October 2003.

Rayford K. Adams III
NC State Bar No. 8622
Attorney for Defendant